IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| IN RE CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>Movant. | Case No. 22-mc-00286-DKW-KJM<br><br>**ORDER GRANTING IN PART MOTION TO UNSEAL COURT RECORDS**[1] |

Civil Beat Law Center for the Public Interest (Movant) moves to unseal court records in connection with roughly 70 (mostly) search warrants related to *United States v. Miske*, Case No. 19-CR-99-DKW-KJM (*Miske*). Dkt. No. 1. According to Movant, it (and the public at large) are entitled to such a release under both the First Amendment and the common law, citing, *inter alia*, Ninth Circuit Court of Appeals decisions in *Times Mirror Co. v. United States*, 873 F.2d 1210 (1989), and *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188 (2011). The government, along with various *Miske* defendants, oppose the Motion, arguing, *inter alia*, that the same Ninth Circuit's decisions support keeping the court records sealed and those records are protected by a Protective Order entered in the *Miske* case to which Movant would not be subject if the records were disclosed.

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.

Having reviewed all of the briefing in this case, Dkt. Nos. 1, 5-9, 11, pertinent records from this and the *Miske* case, and relevant legal authority, including the Local Rules, the Court finds that, at least at this juncture, it is unnecessary to resolve most of the constitutional and common law questions raised by the Motion and related briefing.  *See Custer Battlefield*, 658 F.3d at 1196 (declining to reach "constitutional questions in advance of the necessity of deciding them.").  This is because a path forward is available via Local Rule 79.2, which concerns "Search Warrants, Orders on Pen Registers, Orders on Trap and Trace Devices, and Mobile Tracking Device Warrants."

Local Rule 79.2 provides in relevant part as follows:

> Unless otherwise ordered by the court, any search warrant, order on pen register, order on trap and trace device or mobile tracking device warrant ordered sealed in a criminal matter, will be unsealed one (1) year after the file date of the search warrant or the expiration date of the pen/trap order or tracking warrant. At least sixty (60) days before the expiration of the sealing order, the clerk must notify the Criminal Chief at the Office of the United States Attorney, or his or her designee, of the date when the documents will be unsealed. The government may file a motion to extend the sealing order, and the motion may be filed ex parte.

The meaning of this Local Rule is clear: one year after the sealing of a specified warrant or order, the pertinent warrant or order shall be unsealed, unless the government moves to extend.  Here, having reviewed each of the cases listed in the Addendum to Civil Beat's Motion (Dkt. No. 1-1), it is evident that (i) in all

cases, one year has passed since the sealing of the same, and (ii) in none of them has the government moved to extend the sealing order. That said, there is also no indication that, at least 60 days before the expiration of the sealing order, the government was notified of the date when the relevant documents would be unsealed. Therefore, the Court ORDERS as follows:

First, the government is hereby notified that, sixty (60) days after the entry of this Order, <u>unless</u> a motion to extend a specific sealing order has been filed, all search warrants, tracking device warrants, orders on pen registers, and orders on trap/trace devices, as applicable, will be unsealed in the cases listed in the Addendum of the Motion, pursuant to Local Rule 79.2. Where such unsealing occurs, it is the Court's intention to unseal all court records filed in connection with said case, including (if any) the search warrant application and affidavit filed therein.

Second, if the government does not wish to have unsealed any portion of the record of each case listed in the Addendum to the Motion, it must, within sixty (60) days of entry of this Order, file a statement disclosing the specific factual basis for continuing the seal. Generalized or conclusory explanations will not be sufficient. Any such statement should detail, among other things, (1) whether the case involves a person or persons under indictment, (2) whether the case involves an

investigation that is ongoing or completed, (3) in any case where an investigation is ongoing, the person(s) subject to the investigation <u>and</u> the nature and status of the investigation, and (4) any other information pertinent to overcoming the "strong presumption in favor of access." *See, e.g., Custer Battlefield*, 658 F.3d at 1192-96 (holding that there is a common law right of access to warrant materials after an investigation has terminated).[2]  The statement in any given case may not exceed five (5) pages, may be filed *ex parte*, and may submit evidence for *in camera* review.

**To be clear, should a timely statement or motion for extension of time not be filed in <u>any</u> listed case, the court records related to that case will be unsealed.**

Accordingly, to the extent set forth herein, the motion to unseal court records (Dkt. No. 1) is GRANTED IN PART.

IT IS SO ORDERED.

Dated: July 11, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

[2] "[I]f the court decides to seal certain judicial records, it must base its decision on *compelling reasons and specific factual findings*…." *Custer Battlefield*, 658 F.3d at 1195 (emphasis added).