# ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with APPLE ID MIKEJMISKE@GMAIL.COM and APPLE ID ALOHAWORKS808@GMAIL.COM (the "account") that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at Apple Inc., 1 Infinite Loop, Cupertino, CA 95014.

# ATTACHMENT B

## Particular Things to be Seized

I.  **Information to be disclosed by Apple**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Apple, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Apple is required to disclose the following information to the government, in unencrypted form whenever available, for each account or identifier listed in Attachment A:

a.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b.  All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized iOS devices and computers, and any devices used to access Apple services), including serial numbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber

Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

  c. The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from July 1, 2014, to the present the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

  d. The contents of all instant messages associated with the account from July 1, 2014, to the present, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

  e. The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-party app data, all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

f.  All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging and query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, sign-on logs for all Apple services, Find My iPhone and Find My Friends logs,

g.  All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with Location Services, Find My iPhone, Find My Friends, and Apple Maps;

h.  All records pertaining to the types of service used;

i.  All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

j.  All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

The Provider is hereby ordered to disclose the above information to the government within 14 days of service of this warrant.

## II. Information to be seized by the government

All information described above in Section I that constitutes evidence of violations of racketeering and racketeering conspiracy (18 USC 1961-1963) and conspiracy to possess and distribute controlled substances (21 USC 846) (the Target Offenses) involving MICHAEL MISKE, MICHAEL BUNTENBAH, JASON YOKOYAMA, JOHN STANCIL, CRAIG IVESTER, ███████ WM, LB, and JS since July 1, 2014, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

    a.    The identity of the person(s) who created or used the Apple ID, including records that help reveal the whereabouts of such person(s);

    b.    Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use and events relating to the Target Offenses and the account subscriber;

    c.    Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information);

    d.    Evidence indicating the subscriber's state of mind as it relates to the Target Offenses; and

    e.    Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

    k.    Documents (including in electronic form) related to or memorializing the ordering, purchasing, storage, transportation, and sale of controlled substances, including U.S. currency used in the purchase and sale of controlled substances, buyer lists, text messages,

emails, seller lists, pay-owe sheets and records of sales, log books, drug ledgers, personal telephone/address books of customers and suppliers, rolodexes, telephone answering pads, bank and financial records, records relating to domestic and foreign travel such as tickets, passports, visas, credit card receipts, travel schedules, receipts and records, trucker log books and storage records, such as storage locker receipts and safety deposit box rental records;

  l. Information documenting or containing evidence of the existence of a conspiracy to possess and sell controlled substances or racketeering conspiracy, including personal telephones and address books, text messages, emails, telephone bills, photographs and documents consisting of lists of names and or numbers, cellular telephones, storage media including sim cards, and SD cards;

  m. Information evidencing or containing the evidence of the obtaining, secreting, transfer, expenditure and/or the concealment of money and assets derived from or to be used in the sale of controlled substances or a racketeering conspiracy, including books, correspondence, receipts, records, bank statements and records, business records, money drafts, money orders, wire transfer receipts, and cashier's check receipts, passbooks, bank checks, safes, records of safety deposit boxes and storage lockers;

  n. Photographs of participants and fruits and evidence of the Target Offenses;

  o. Information containing lists of narcotics customers and related identifying information;

  p. Information concerning types, amounts, and prices of narcotics trafficked as well as dates, places, and amounts of specific transactions;

q. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

r. Evidence indicating the geographic location of any electronic devices at times relevant to the investigation into the Target Offenses;

s. The identity of the person(s) who sent to and/or received communications from electronic devices about matters relating to violation of the Target Offenses, including records that help reveal their whereabouts;

t. Evidence revealing the relationships, associations and communications of those involved in the above described Target Offenses;

u. Communications to, from, or between MICHAEL MISKE, MICHAEL BUNTENBAH, JASON YOKOYAMA, JOHN STANCIL, CRAIG IVESTER, ███, WM, LB, JS, and between these identified individuals and others, to the extent those communications concern the Target Offenses;

v. Pictures or videos related to the Target Offenses;

w. Communications related to payment for committing the Target Offenses;

x. Communications including voicemail, text, and multimedia messages (including photos and videos) concerning the Target Offenses;

6

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by **[PROVIDER]**, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of **[PROVIDER]**. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

   a.   all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **[PROVIDER]**, and they were made by **[PROVIDER]** as a regular practice; and

   b.   such records were generated by **[PROVIDER'S]** electronic process or system that produces an accurate result, to wit:

      1.   the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **[PROVIDER]** in a manner to ensure that they are true duplicates of the original records; and

    2.  the process or system is regularly verified by **[PROVIDER]**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

  I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____  _____
Date              Signature