IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| IN RE CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>Movant. | Case No. 22-mc-00286-DKW-KJM<br><br>**ORDER ADDRESSING SEALED AND/OR REDACTED CASES AND COURT RECORDS**[1] |

On July 16, 2024, the government filed its Second Status Report, pursuant to the Court's July 5, 2023 Order requiring the government to file every six months a report addressing why certain documents and/or cases should remain sealed, if at all. Dkt. No. 31. The Court is also in receipt of Movant Civil Beat Law Center for the Public Interest's (Civil Beat) response to the same. Dkt. No. 32. In light of the foregoing, the Court ORDERS as follows.[2]

First, the Clerk is instructed to UNSEAL the following documents: Dkt. No. 1-1 in Case No. 17-MJ-00909; and Dkt. Nos. 1, 1-1, 1-2, 2, 5, 5-1, 5-2 in Case No. 19-MJ-00787. Dkt. No. 31 at 2-3 (declining to request the continued sealing of documents in these cases because they "no longer relate to pre-indictment, ongoing investigations.").

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.
[2] The Court assumes the reader's familiarity with the procedural background of this case. *See, e.g.*, Dkt. No. 22 at 1-2.

Second, in its recent status report, the government requests continued redaction of Case No. 19-MJ-01189 and Case No. 20-MJ-00542 because they "remain in a pre-indictment stage, and because the investigations into those matters are still ongoing." Dkt. No. 31 at 2. Unsatisfied with the foregoing representation from the government, Civil Beat asserts that the government should be required to "confirm[]—*in camera*" whether the investigations remain active *and* whether the government anticipates closing the same "no later than May 14, 2025." Dkt. No. 32 at 2.

The Court disagrees with Civil Beat that "confirmation" from the government of its representations is in any way necessary, whether legally or otherwise. Initially, absent some tangible circumstance, it is entirely pointless to have government counsel orally confirm that which has already been represented in writing. And, contrary to Civil Beat's contention, this does not constitute "blindly" accepting the government's representations. *See* Dkt. No. 32 at 3. Rather, in context, discussed more below, it is taking government counsel at his word—much like Civil Beat and the Court have done already in this proceeding. *See* Dkt. No. 28 at 2 n.1.[3]

---

[3] This is especially so, given that, in the same filing, government counsel represents that ongoing investigations no longer exist in other cases. Dkt. No. 31 at 3.

The Court acknowledges, that under certain circumstances, there may exist a reason to probe more fully a representation made to the Court. However, this is not such an instance. Specifically, the *only* circumstance Civil Beat identifies as warranting further inquiry is the government's purported conduct during a trial in Case No. 19-CR-00099. Civil Beat, though, misconstrues the government's conduct. Notably, Civil Beat queries the government's decision to supplement its exhibit list in Case No. 19-CR-00099 by including the search warrant and accompanying affidavit filed in Case No. 20-MJ-00542. Contrary to Civil Beat's apparent belief, however, simply because the exhibit list was supplemented to include the foregoing does not mean that the government "planned to introduce" the same as trial exhibits. For example, the government may have included the documents on the list simply so they could be shown to a witness. Moreover, when the subject of Case No. 19-MJ-01189 and Case No. 20-MJ-00542 arose during the trial in Case No. 19-CR-00099, at no point did government counsel state or otherwise indicate that the relevant investigations were no longer ongoing. Finally, given that there is no basis upon which to believe that the investigations at issue are not ongoing, having thoroughly reviewed Case No. 19-MJ-01189 and Case No. 20-MJ-00542, in particular the affidavits in support of the search warrant

applications in those cases, the Court concludes that unsealing the cases could prejudice the ongoing investigations.

Therefore, on the record before the Court, there is no ground to require the government to re-state that which it represented just days ago. Civil Beat's additional request—for the government to "commit" to when its investigations are anticipated to end—is similarly denied as unsupported in the context of the instant proceeding to unseal court records.[4] As a result, the Clerk is instructed to maintain the SEAL on Case No. 19-MJ-01189 and Case No. 20-MJ-00542 because those cases involve ongoing, pre-indictment criminal investigations and, therefore, no common law or constitutional right of access exists. *See Times Mirror Co. v. United States*, 873 F.2d 1210, 1221 (9th Cir. 1989).

The Clerk is instructed to file this Order in the instant case, as well as in Case No. 17-MJ-00909, Case No. 19-MJ-00787, Case No. 19-MJ-01189, and Case No. 20-MJ-00542.

IT IS SO ORDERED.

Dated: July 19, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

[4] The sole case on which Civil Beat relies, *Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 950 (9th Cir. 1998), has no bearing on either of the matters upon which Civil Beat seeks confirmation. In fact, the case does not require the government to confirm any representation of counsel. Moreover, Civil Beat's selective quotation from the case is taken entirely out of context.

4